# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECYLE KLAPHAKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COLUMBIA GAS TRANSMISSION, ) <br> LLC, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 17-1359 <br><br> Judge Cathy Bissoon |

## **MEMORANDUM AND ORDER**

For the reasons below, Plaintiff's Motion to Remand (Doc. 11) will be denied.

## **BACKGROUND**

On September 12, 2017, Cecyle Klaphake ("Plaintiff") initiated a lawsuit in the Court of Common Pleas of Washington County, Pennsylvania, against Columbia Gas Transmission, LLC ("CGT"), Columbia Pipeline Group ("CPG"), and TransCanada Corporation ("TransCanada") (collectively, "Defendants"). Plaintiff, the owner of the Klaphake Farm (the "Farm"), alleges that Defendants' plan to lay a new pipeline on the Farm, stated in their application to the Federal Energy Regulatory Commission ("FERC"), would violate the terms of a governing easement agreement. (See generally Complaint, Doc. 1-2.)

Plaintiff's Complaint seeks a declaratory judgment that the easement agreement—and not FERC's authorization—governs the rights of the parties. (Id.) Through this declaration, Plaintiff also seeks a ruling that Defendants' obligations under the easement agreement include installing a gas tap on any new pipeline, removing rather than abandoning the existing pipeline (or paying

Plaintiff for the privilege of abandonment), paying an inflation-adjusted contractual price to lay new pipeline, and paying for certain damages to crops or Farm surfaces. (Id.)

On October 19, 2017, Defendants filed a Notice of Removal (Doc. 1) based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441 and 1446. On November 20, 2017, Plaintiff filed a Motion to Remand the case to state Court (Doc. 11), asserting that this Court does not have subject matter jurisdiction because the amount in controversy requirement under 28 U.S.C. § 1332 has not been met.[1] Specifically, Plaintiff argues that her Complaint does not seek monetary damages and that Defendants' Notice of Removal failed to establish a plausible claim that the amount in controversy exceeds $75,000. (See Doc. 11 at 2.) Defendants responded on December 11, 2017 (Defendant's Opposition to Plaintiff's Motion to Remand, hereinafter "Opposition to Remand," Doc. 13).

**LEGAL STANDARD**

Federal courts have limited jurisdiction and must remand a removed case to state court if, at any point prior to final judgment, it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). As to the jurisdictional amount in controversy requirement, when a party has not pled a specific sum of damages in the complaint, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(i). The notice of removal must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Where, as here, a plaintiff contests the defendant's allegation, the defendant must provide evidence establishing

---

[1] Plaintiff does not contest the diversity of Defendants' citizenship. Plaintiff's Complaint states that she is a Pennsylvania citizen (Complaint at 3); Defendants' notice of removal states that CGT is a citizen of Delaware and Texas, that CPG is a citizen of Delaware and Texas, and that TransCanada is a citizen of Canada (Notice of Removal at ¶¶ 22-24).

that the amount in controversy exceeds $75,000. Id. The court must then determine whether a "preponderance of the evidence" shows that the amount in controversy requirement is satisfied. 28 U.S.C. § 1446(c)(2)(B); see Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004). As evidence of the jurisdictional amount, the Court may consider the complaint, the notice of removal, and subsequent submissions related to the motion to remand. Schuylkill Twp. v. CitySwitch, LLC, 2009 WL 2018531, at *2 (E.D. Pa. July 13, 2009). The Court of Appeals for the Third Circuit has found that "preponderance of the evidence" in this context means "proof to a reasonable probability that jurisdiction exists." Frederico v. Home Depot, 507 F.3d 188, 195 n.6 (3d Cir. 2007) (quoting Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)). In addition, once the facts relevant to jurisdiction are established by a preponderance of the evidence, the jurisdictional test for valuing a plaintiff's claims is whether "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." Id. at 197.

In declaratory judgment actions, plaintiff's hypothetical recovery "is measured by the value of the object of the litigation." Jesmar Energy, Inc. v. Range Resources-Appalachia, LLC, 2017 WL 4572526, at *7 (W.D. Pa. Oct. 13, 2017) (quoting Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). The value of property rights in a declaratory judgment action is the monetary worth of those rights to the plaintiff. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 539 (3d Cir. 1998).

## ANALYSIS

Defendants' Notice of Removal contains a plausible allegation that the amount in controversy exceeds $75,000. Specifically, after enumerating the relief that Plaintiff seeks, the Notice of Removal states:

> While Plaintiff does not request a specific monetary judgment, she alleges various damages that Defendants reasonably believe she will claim exceed $75,000.00. In

> addition, Plaintiff seeks declaratory judgment relative to [a] myriad of broad-reaching and open-ended nonmonetary relief including the removal of a natural gas pipeline (which is a very significant endeavor requiring a sophisticated construction team and substantial construction equipment, as well as detailed planning, preparation and staffing).

(Doc. 11 at ¶ 18.) The Court finds that this statement is sufficient to carry Defendants' initial burden of stating a plausible allegation. It is plausible that the total value of the object of the litigation, from Plaintiff's perspective, exceeds $75,000 because Plaintiff is seeking to establish valuable property rights, including the right to make Defendants install a gas tap on any new pipeline, to make them remove rather than abandon the existing pipeline (or pay a negotiated price for the privilege of abandonment), to make them pay an inflation-adjusted contractual price[2] to lay new pipeline, and to make them pay according to a specified procedure for damages to crops or Farm surfaces caused by moving the easement.

Because Plaintiff has objected to Defendants' statement of the jurisdictional amount, Defendants have the additional burden of providing evidence to show that the object of the litigation is worth more than $75,000. See Dart, 135 S. Ct. at 554. Defendants carry this burden. In support of their jurisdictional assertion, they submit an Affidavit containing a settlement

---

[2] While this is the easiest to quantify among Plaintiff's asserted rights, the value of this right is insufficient, in itself, to establish the jurisdictional amount in controversy. The easement agreement provides the right to "lay, maintain, operate, repair and remove a second line of pipe alongside the first line as herein provided, upon the payment of a like consideration and subject to the same considerations." (Complaint at ¶ 14, Doc. 1-2.) The actual payment made in consideration for the easement, in 1946, was one dollar plus three dollars per rod (per 16.5 feet). (Id. at ¶ 15.) To illustrate why this provision is insufficient to resolve the amount in controversy given a plausible range of lengths, the Court's rough calculation indicates that the inflation-adjusted price per rod would be about $41. If the length of new pipeline were to be 1,250 feet, the total price on like terms would be about $3,120 in today's dollars. The Complaint does not state the length of the new pipeline proposed for Plaintiff's Farm; according to Defendant's Affidavit, 1,250 feet is the length of the existing pipeline on the Farm. (Affidavit of Scott Terneus at ¶ 6, Exhibit B to Opposition to Remand, Doc. 13-4.) It stands to reason that the length of the new pipeline on the Farm would be roughly similar.

demand from Plaintiff[3] in the amount of $3,903,786 and stating that Plaintiff received a settlement offer from Defendants in the amount of $60,515 (Exhibit A to Opposition to Remand, Doc. 13-1).  While the Court is mindful that the numbers in settlement demands often reveal little more than strategic bluster, cf., e.g., Dugan v. Acme Markets, Inc., 2016 WL 266350, at *2 (D.N.J. Jan. 21, 2016) ("a settlement offer cannot be used exclusively as grounds for establishing the jurisdictional minimum"), Plaintiff's settlement demand contains detailed calculations shedding light on how Plaintiff values her rights.  For example, the demand indicates that Plaintiff would incur additional costs absent the right to a gas tap; she places this additional cost at $481.58 per month, and extrapolates that the property owner would incur additional costs of $577,886 over the hundred-year life of the pipeline without the right to a gas tap.  (Exhibit A-2 to Opposition to Remand at 3, Doc. 13-3.)  The Court finds that this evidence is sufficient for jurisdictional purposes to show that Plaintiff values her rights in excess of $75,000.[4]

Finally, the Court rejects Plaintiff's argument that Defendants are estopped from asserting an amount in controversy above the amount of Defendants' settlement offer.  (Motion to Remand at ¶ 19.)  The Court agrees with Defendants that such an argument runs counter to the

---

[3] The demand originated from Michael Klaphake, who holds power of attorney for Plaintiff. (Exhibit A-1 to Opposition to Remand, Doc. 13-2; see Exhibit A-2 to Opposition to Remand, Doc. 13-3.)

[4] Defendants also submit an Affidavit stating that the construction cost alone of removing and disposing of the existing pipeline on the Farm would be about $375,000.  (Affidavit of Scott Terneus at ¶ 7, Exhibit B to Opposition to Remand, Doc. 13-4.)  While costs to Defendants are not dispositive of the value Plaintiff places on her rights, see Columbia Gas, 62 F.3d at 542, Defendants' prospective costs are relevant to the amount Plaintiff would be expected to receive in exchange for her asserted rights under the easement agreement.  As the Court has already found that Plaintiff values her rights in excess of the jurisdictional amount, the Court need not reach the issue of whether the amount Plaintiff would be expected to receive in exchange for her rights is relevant to the jurisdictional value of those rights.

rule that the value of Plaintiff's rights must be established from Plaintiff's vantage point. See Columbia Gas, 62 F.3d at 542.

Accordingly, the Court finds that the value of the declaratory relief Plaintiff seeks, viewed from Plaintiff's perspective, exceeds $75,000 for jurisdictional purposes. As a result, the Court has subject matter jurisdiction over this action on the basis of diversity.

\* \* \*

Consistent with the foregoing, Plaintiff's Motion to Remand (Doc. 11) is hereby **DENIED**.

IT IS SO ORDERED.


April 11, 2018
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record